## Brennan, Appellant, v. Kauffman.

*Public officers—Poor directors—Power to remove.*

Where poor directors are given power to employ, "and at pleasure remove," stewards, matrons and other attendants, they may remove without assigning any reason therefor a workman; and it is immaterial that the removal may have been brought about by two out of the three members of the board corruptly conspiring together to make removals and to divide appointments between them and each to vote for any person that the other might name for the position vacated without knowing who would be named. In such a case the person removed could not recover from the county for wages after his removal, although the person appointed in his place might recover for wages earned, if he was in no way connected with the illegal conspiracy.

Argued Dec. 7, 1909. Appeal, No. 20, Oct. T., 1909, by plaintiff, from judgment of C. P. Schuylkill Co., May T.,

1907, No. 375, on verdict for defendant in case of John J. Brennan v. Benjamin Kauffman et al., Directors of the Poor and House of Employment of Schuylkill County. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for wages. Before MARR, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for the defendant, on the ground that the directors had full power at their pleasure to remove him from his position of shoemaker.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in directing a verdict for defendant.

*A. W. Schalck* and *W. F. Shepherd,* for appellant.—A servant hired for a fixed term cannot be discharged without cause, during the term, and may recover for the whole term, deducting any amount obtained for work elsewhere, or which might have been obtained by reasonable effort: Trustees of Soldiers' Orphans' Home v. Shaffer, 63 Ill. 243; Hand v. Clearfield Coal Co., 143 Pa. 408.

Municipal corporations, like all other corporations, and individuals, are liable to their employees employed for a definite time in case of their premature and unwarranted discharge, without cause, notice or hearing: Galveston County v. Ducie, 91 Texas, 665 (45 S. W. Repr. 798); Hall-Moody Institute v. Copass, 108 Tenn. 582 (69 S. W. Repr. 327); Trainor v. Board of County Auditors, 15 L. R. A. 95; State v. Kuehn, 34 Wis. 229; Indiana v. Peelle, 8 L. R. A. 228.

Traffic in public office or appointment, or in the administration of governmental affairs, is against public policy and will not be sanctioned by the courts: Filson v. Himes, 5 Pa. 452; Bowers v. Bowers, 26 Pa. 74; Bowman v. Coffroth, 59 Pa. 19; Wilkes-Barre v. Rockafellow, 171 Pa. 177; Providence Tool Co. v. Norris, 69 U. S. 45.

*Guy E. Farquhar,* with him *Morris H. Moyer,* for appellee.— It is contended upon the part of the appellee that the appel-

lant was appointed under the act of 1831, and that under the terms of said act the directors had a right to remove him at pleasure, without assigning any reason whatever, and that at the time he accepted his appointment and entered upon his duties he was bound to know that he could be removed at any time that the directors might see fit, without assigning any reason therefor: Field v. Com., 32 Pa. 478; Brower v. Kantner, 190 Pa. 182; State ex rel. v. Stevens, 46 N. J. L. 344.

OPINION BY BEAVER, J., March 3, 1910:

In Sallade v. Schuylkill County, 19 Pa. Superior Ct. 191, we held that, "An agreement between two out of three members of a poor board, by which the appointments to offices are divided between them, and by which each binds himself to vote for any person that the other may name for a position to be filled by the board, without knowing who would be named, is illegal, immoral and contrary to public policy; but notwithstanding the illegality of such an agreement, if a person is appointed clerk of the board in pursuance thereof, and performs the services of the office, he will be entitled to his salary, if it appears that he was in no way connected with the illegal contract, either as principal or accessory."

We are here confronted with a question which is practically the converse of that decided in the case above cited. Shall the employee of the defendant, who was ousted from the position to which he had been regularly elected, under and in pursuance of such an agreement as is above referred to, be entitled to his pay for the year for which he was elected, notwithstanding the fact that another person was elected in his place and drew the pay to which he would have been entitled, if he had rendered service during the term for which he was elected?

Under the provisions of the Act of April 4, 1831, P. L. 422, entitled, "An act to provide for the erection of a house for the employment and support of the poor, in the county of Schuylkill," it was expressly provided in the third section, that the directors therein provided for "shall employ, and at pleasure remove a steward or stewards, and require from him or them

an oath or affirmation, and such security for the faithful performance of his or their duties, as the board of directors shall deem expedient; and to appoint a matron or matrons, physician or physicians, surgeon or surgeons, and all other attendants that may be necessary for the said poor respectively, and at pleasure remove," etc.

This act was amended by various subsequent acts which were later repealed, leaving the powers and duties of the directors of the poor, as originally conferred by the provisions of this act.

The plaintiff had been duly elected the shoemaker for the institution. After serving for one month, for which he was paid, he was removed by the directors, and another man chosen in his place. The corrupt agreement which is described and properly characterized in Sallade v. Schuylkill County, supra, is that under which the plaintiff was removed and his place filled by another.

After his removal, he brought suit for one month's salary, in which he was unsuccessful. The record of that suit was offered in evidence in the trial of this case, but is not printed in the appellant's paper-book.

We are asked to quash the appeal, because of the failure of the appellant to print the record. It is unquestionably a very material part of the evidence in the case and it is possible that the judgment in that case may be binding upon the plaintiff in this, but inasmuch as we are able to pass upon the question here involved independently of the decision in that case, we prefer to rule the question on its merits rather than to quash the appeal, in view of the possible pendency of other similar cases.

On the trial of the case, the court below affirmed the single point presented by the defendants, which was, "That, under all the evidence, the verdict must be for the defendants," the trial judge saying in his charge: "We direct a verdict for the defendants, and affirm the defendants' point, that under all the evidence the verdict should be for the defendants. No action need be taken on the plaintiff's points, because we are affirming the defendants' point, which takes the case out of

your hands." The plaintiff presented some twelve distinct points and embraces in his specifications of error the refusal of the court to affirm the most of these several points respectively. These assignments of error, however, are not in accordance with our rule XV, and may for that reason be disregarded; but inasmuch as they are all practically embraced in the first assignment, it is unnecessary to refer to them further, inasmuch as the case is disposed of under the first assignment.

Coming now to the question of the removal of the plaintiff from his employment as shoemaker, if that employment had been during good behavior, it would, of course, have been necessary for the directors of the poor to have given notice and an opportunity for him to show that he was not guilty of misbehavior; or even if his removal had been within the discretion of the directors, the question as to whether their discretion had been legally exercised would have been a proper subject for judicial inquiry. The language of the act creating the board of directors of the poor, however, is unusual. The power of removal is practically unlimited and based solely upon the pleasure of the directors. The language of the act is "and at pleasure remove." The trial judge in the court below said to the jury: "The language of the act of 1831 is very clear. It says that they can employ or remove at pleasure. There is nothing in the act which gives a court the right to inquire into the motives, however improper, however wrongful they may have been."

The subject is quite fully discussed in Field v. Com., 32 Pa. 478, which was a writ of quo warranto to inquire by what authority the defendant claimed to exercise the office of county superintendent of common schools for the county of Schuylkill. Mr. Justice READ, as was his custom, entered into the discussion of the subject quite exhaustively, quoting pertinent authorities, in the course of which he said: "Where an appointment is during pleasure, or the power of removal is entirely discretionary, there the will of the appointing or removing power is without control, and no reason can be asked for, nor is it necessary that any cause should be assigned. This branch

of the subject has been so fully discussed by the supreme court of the United States in Ex parte Duncan N. Hennen, 38 U. S. 230, that it is only necessary to refer to it; and, by analogy to the power of removal exercised by the president, collectors may remove their subordinates without consulting the secretary of the treasury, though the approbation of the latter be necessary to an appointment, and it is not a breach of official duty on the part of collectors to refuse to report their reasons for removing these subordinate officers." In discussing the English authorities and quoting from Chief Justice TINDAL at length, he said: "This is no doubt the true rule: where the appointment is only during pleasure, it is then an office ad libitum, or at pleasure." See also State of Kansas ex rel. Little v. Mitchell, 20 L. R. A. 306. The subject is also very fully discussed in a note to Trainor et al. v. Board of County Auditors of Wayne County, 15 L. R. A. 95, in which it is stated that, "Where the power of appointment is conferred in general terms and without restriction, the power of removal in the discretion and at the will of the appointing power is implied and always exists, unless restrained and limited by some provision of law." Here, however, there is no necessity for assuming an implied power to remove, because it is expressly conferred by the law which creates the board of poor directors in the broadest and most comprehensive terms possible. The ground of removal is not for misbehavior; it is not even at the discretion of the directors; it is at their pleasure.

The plaintiff accepted employment with a knowledge of the law, and he was bound to know the terms upon which employment was given him and during which it was to continue. When, therefore, he was removed, accepted the edict of the directors, saw a man employed in his place who was paid for the work which was done in pursuance of that employment, we fail to see how the county can be liable, when the directors did what they were expressly authorized to do under the law—exercised their pleasure in his removal. It is clearly understood that this is not a question of the liability of the directors who entered into the corrupt conspiracy for the removal of the officers and employees of the house of employ-

ment. It is a question as to whether or not the directors of the poor, who had the exclusive management thereof, having exercised the power conferred upon them by the act which created them, thereby bound the county to pay twice for the same services. Under our ruling in Sallade v. Schuylkill County, 19 Pa. Superior Ct. 191, the successor of the plaintiff was undoubtedly entitled to his pay, having performed the services which were required of him, in the absence of any evidence of wrongdoing on his part. If, therefore, the plaintiff should recover, the taxpayers of the county of Schuylkill would be paying twice for the same service. If their representatives had bound them in a way that was legal and right to do this, there might be no escape, but the appellant's contention is that the action of the directors was corrupt and, therefore, illegal; that, being based upon a criminal conspiracy of two of them, the act of the board in carrying out that conspiracy was invalid and equally corrupt and wholly void. Assuming, as we do, that the act of the two individual directors who conspired together to oust the officers and employees of the house of employment was illegal and criminal, nevertheless when the board met in regular session- and a majority of them determined to remove the plaintiff among other officers and employees, they acted within their lawful authority and carried out their scheme in a legal, although somewhat arbitrary, manner. Whatever, therefore, the rights of the plaintiff might be, as against the individual directors who corruptly conspired to exercise their lawful authority, in pursuance of an agreement wholly subversive of good morals and contrary to enlightened public policy, we cannot see that the consequences of their malfeasance in office should be visited upon the taxpayers of the county.

We are, therefore, of the opinion that the court properly disposed of the case, as presented by the defendants in affirming their only point that, "under all the evidence, the verdict should be for the defendants."

Judgment affirmed.